**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **FRANKIE WAYNE POPE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | |
| : | NO. 5:23-cv-00395-CAR-MSH |
| **DEPUTY BANKS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

### ORDER

Plaintiff Frankie Wayne Pope, a detainee in the Houston County Detention Center in Perry, Georgia, has filed a complaint under 42 U.S.C. § 1983, and multiple "exhibits" that appear to be intended to be supplements to the complaint. Compl., ECF No. 1; Letter, ECF No. 6; Exhibits, ECF Nos. 7-9. Plaintiff has also filed a motion to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2 & 3; Prisoner Trust Fund Account Statement, ECF No. 4.

As an initial matter, Plaintiff's complaint is not on the proper form for a prisoner § 1983 complaint. Moreover, when considering the complaint together with the exhibits that Plaintiff has filed, his claims are scattered and difficult to follow. Thus, if he wants to proceed with this action, Plaintiff must recast his complaint on the proper form. In doing so, Plaintiff is to consolidate all of his claims into one statement of facts, rather than submitting multiple affidavits and other exhibits.

Additionally, because Plaintiff has previously accrued three strikes, he will not be permitted to proceed *in forma pauperis* unless he is in imminent danger of serious physical

injury. Based on the complaint as currently drafted, it is unclear whether Plaintiff will be able to meet the imminent danger standard.[1] Thus, in recasting his complaint, Plaintiff must clearly address any potential danger that he wants the Court to consider.

In his recast complaint, Plaintiff shall clearly identify those individuals he wishes to include as defendants in this case. Plaintiff must then set forth allegations regarding what the defendants did or did not do to violate his constitutional rights. With regard to each defendant, Plaintiff must connect that defendant to an alleged constitutional violation. If he does not, Plaintiff's claims against that defendant will be subject to dismissal. Likewise, if Plaintiff asserts a constitutional violation, but does not identify a named defendant as being involved with that violation, that claim will also be subject to dismissal.

In recasting his complaint, Plaintiff should first set forth a chronological statement of the facts. Additionally, it is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population.

---

[1] In light of this situation, resolution of Plaintiff's pending motions to proceed *in forma pauperis* is deferred pending consideration of Plaintiff's recast complaint.

> If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.
>
> (4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?
>
> (5) *What* did this defendant do (or not do) in response to this knowledge?
>
> (6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede the initial complaint and additional filings that Plaintiff has submitted to date. Thus, the Court will not look back to the original complaint or additional filings to determine whether Plaintiff has stated a claim, and Plaintiff should therefore take care to include all relevant factual allegations for any claims that he wishes to raise in his recast complaint.

Plaintiff is cautioned, however, that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff should be aware that he will only be permitted to join claims against multiple defendants in one action if those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims."

3

*Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). If Plaintiff cannot demonstrate a "logical relationship" between his claims, the unrelated claims will be dismissed. Plaintiff shall not attach more than ten pages of factual allegations to his complaint.

Accordingly, if Plaintiff wishes to proceed with this action, he is **ORDERED** to file a recast 42 U.S.C. § 1983 complaint consistent with the instructions herein. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Additionally, Plaintiff must immediately notify the Court in writing if Plaintiff's address changes while his case is pending. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number appearing on both). There shall be no service of process in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 12th day of December, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE